BEFORE THE SECOND DIVISION, MARCH 25, 1960

No. 64033.—Alfred C. Toepfer, Inc. *v.* United States, protest 320740–K (Los Angeles).

FORD, Judge: This protest is directed against the action of the collector of customs in classifying certain Grilon (Nylon-6) yarn under the provisions of paragraph 1301 of the Tariff Act of 1930, as "Filaments of synthetic textile, other, less than 150 deniers over 80¢ per lb.," and assessing duty thereon at the rate of 50 per centum ad valorem.

Plaintiff, in the protest and amendments filed thereto, makes numerous claims, the main one being that said merchandise is properly dutiable at the rate of 20 per centum ad valorem under paragraph 1204 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, by virtue of the similitude clause contained in paragraph 1559 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, 19 U.S.C., section 1001, paragraph 1559, T.D. 53599, as silk threads or yarns of any description, made from raw silk, not specially provided for.

The record in this case consists of the testimony of one witness and two exhibits, exhibit 1 being a sample of the merchandise imported and illustrative exhibit 2 being the completed article which is made therefrom. The testimony establishes that said nylon is used in the manufacture of braided fishing lines and is, subsequently, spooled and packed and sold to sporting goods stores. It appears from the record that at one time silk was braided and used as fishing lines, but this practice has been discontinued. The lines formerly made of silk were made from silk in the form of a yarn. The particular purpose for which the merchandise manufactured from the imported article is used, is for a type of fishing known as "spinning" fishing.

Counsel for the respective parties entered into an oral stipulation at the time of trial that said merchandise was not a product made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing.

Based upon the record as made herein, it is apparent that the classification of the collector of customs is erroneous, in that noncellulosic synthetic textiles are excluded from schedule 13 of the Tariff Act of 1930, by virtue of paragraph 1313 of said act. See also *J.M.P.R. Trading Corp., Alltransport, Inc.* v. *United States,* 43 C.C.P.A. (Customs) 1, C.A.D. 600; *United States* v. *Steinberg Bros.,* 47 C.C.P.A. (Customs) 47, C.A.D. 727.

In the memorandum filed on behalf of defendant, it is conceded that said classification was erroneous and it was accordingly abandoned, citing the *Steinberg* case, *supra*. In said memorandum, it is suggested that, since the merchandise at bar is braided and used as fishing lines and silk yarn is used for the same purpose, the proper classification of the manufactured monofilament yarn, by virtue of the similitude provision contained in paragraph 1559, as amended, *supra*, would appear to be silk yarn under paragraph 1204, as modified, *supra*.

In view of the foregoing and based upon the record as made herein, we find said Grilon monofilament yarn to be properly dutiable under the provisions of paragraph 1204 of the Tariff Act of 1930, as modified, *supra*, by virtue of the similitude clause contained in paragraph 1559, as amended, *supra*, as claimed herein.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.